A. contracts to
sell cotton to B.
and C, who are
to give their Note
for half the price;
but A. will not
deliver it until he
has obtained C's
Note with securi-
ty for half the
price. A. has put
an end to the first
contract.

## Bumpass *against* Harrolson.

IN the Circuit Court of *Lauderdale* County, Major *Har-rolson* declared in case against *Gabriel Bumpass.*  The first count set out that plaintiff had contracted to sell to defend-ant and *William Berry* (then trading in partnership) cotton to the amount of $1000, one half to be paid on delivery ; for the other half, defendant and *Berry* to give their Note on time.  That defendant, by his written order, requested plaintiff to deliver the cotton to *Berry,* and he (defendant) would be responsible for half the price, and execute a Bond to plaintiff for it at any time when they should meet.  That plaintiff delivered the cotton to *Berry,* to the value of $1000, one half whereof was paid in cash, &c.  Second count—Indebit assumpsit for $500, for cotton sold and delivered to *Berry,* partner in trade with defendant, at defendant's spe-cial instance and request, &c.  Breach—that defendant, though often requested, has hitherto failed and refused to perform his said several promises, &c.  The declaration makes no special averment of a demand of defendant's Bond.

On the trial, on the general issue, the plaintiff produced in evidence a paper as follows :

' Dear Sir—Please to deliver to *William Berry* the cot-
" ton he has contracted for, and I will be responsible for
" half the price with him, and sign you a bond for the
" amount at any time we meet.   Yours, &c.

" GAB. BUMPASS."

A witness on behalf of plaintiff stated that this paper
was presented by *Berry* to plaintiff, who refused to deliver
the cotton unless *Berry* would give him other security;
and one of the grounds of objection was, that the paper
was not directed to him.   That *Berry* then gave his bond
with *William S. Barton,* as security for half the amount,
and paid the other half in money.   Witness heard plain-
tiff say that he should be safe when he got the defend-
ant to sign the Bond, as he would then have *Berry, Bar-
ton,* and defendant bound for the Debt.   Witness be-
lieves that *Berry* delivered the order to plaintiff.   This be-
ing the whole of the evidence, the defendant, by his Coun-
sel, moved the Court to exclude said paper from the Jury;
and also to instruct the Jury, that unless there was evidence
that plaintiff had given notice to defendant that he had de-
livered the cotton to *Berry,* according to said order, and had
demanded or requested of defendant to sign the bond, ac-
cording to his undertaking expressed in said writing, said
writing, if admitted, would not be sufficient evidence to en-
title the plaintiff to recover.   Which motion and objection
were overruled.   To which opinions the defendant excepts,
&c.   Verdict and judgment for plaintiff.   *Bumpass* sued
out a writ of Error and filed several assignments of Errors.
That, on which the case was decided, is stated in the

Opinion of the Court delivered by Judge *Crenshaw.*
In this case, the only assignment of Errors necessary to
be noticed is, " That the Court erred in refusing to instruct
" the Jury that unless there was evidence of notice to de-
" fendant from the plaintiff, that he had delivered the cot-
" ton to *Berry* according to the order, and of a request to
" execute the Bond according to defendant's undertaking,
" the evidence was not sufficient to authorize a recovery."
The evidence introduced by the plaintiff proved that he
refused to deliver the cotton on defendant's order, alleging
that it was not directed to him.   He delivered the cotton to
*Berry* on his giving his Note with *Barton,* security : and af-
ter obtaining this security, he shewed his artifice, by declar-
ing he had *Berry, Barton* and *Bumpass* all bound for the
Debt ; and intimating, that for this reason he had refused to
deliver the cotton on the first presentment of defendant's

order. This of itself was a discharge of the defendant's liablity. The Court should have instructed the Jury, that if they believed the evidence, the law was in favour of the defendant.

Bumpass
v.
Harrolson.

The judgment must be reversed, and the cause remanded.

Judge *Ellis* not sitting.

*McKinley*, for plaintiff.

*Coalter*, for defendant in Error.